IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRON WORKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-1126-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# O R D E R

**PLEASE NOTE**: **Please read this order carefully. The previous scheduling order has been revised to impose new responsibilities and deadlines on parties to social security litigation. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with this order in a timely manner, without unnecessary requests for extensions of time.**

The plaintiff has filed a complaint seeking review of a decision of the Commissioner of Social Security. Accordingly, it is

**ORDERED** as follows:

1. Within 90 days after the date of service of the complaint, the defendant shall file an answer and serve on the plaintiff a complete copy of the record of the administrative proceedings.

2. Within 40 days after the defendant has filed his answer and served the plaintiff with the administrative record, the plaintiff shall file a brief in support of his or her claim(s) for relief. The plaintiff shall serve copies of his/ her brief upon the United States Attorney's

Office and upon Chief Counsel, Office of General Counsel, Social Security Administration, 601 East 12th Street, Room 535, Kansas City, Missouri 64106.

3. Within 30 days after the plaintiff's brief is filed, the defendant shall file a reply brief and file with the court a complete copy of the administrative record.  The defendant is specifically DIRECTED to address *all of the contentions and arguments* made by the claimant in the same order in which the plaintiff has made them in his or her brief.

4. The briefs shall not exceed **a total of 15** pages, except as approved by the court upon motion. **Any motion to exceed the court's page limit shall be filed no later than one week before the deadline for the submission of the brief.** Unless oral argument is deemed necessary by the court, this case shall be deemed submitted as of the date on which the defendant's reply brief is filed.

5. No extensions of time for filing briefs shall be allowed absent a showing of good cause.  If a party desires an extension of time within which to respond, the moving party is specifically DIRECTED to file a motion for extension before the date upon which the brief or response is due. *See Hill v. Dekalb Regional Youth Detention Center*, 40 F.3d 1176 (11th Cir. 1994). A request or motion for extension of a deadline in any court order (i) must be in writing; (ii) must indicate that movant has, in a timely manner, previously contacted counsel for all other parties; **and (iii), based on that contact, must state whether counsel for all other parties agree to or oppose the extension request or motion.** A request or motion that fails to meet this requirement will be denied outright, unless the movant offers

a credible explanation in the request or motion why this requirement has not been met. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests and motions are not allowed, and "eleventh hour" extension requests and motions will be denied outright.

6. Claims or contentions by the plaintiff alleging deficiencies in the ALJ's consideration of claims or alleging mistaken conclusions of fact or law and contentions or arguments by the Commissioner supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (1) recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments.

7. The plaintiff's brief shall contain a section titled "Statement of the Issues." In this section *in numbered paragraphs*, the plaintiff shall state in a *concise, specific*[1] manner each issue which the plaintiff presents to the court for resolution. Issues not presented in the Statement of the Issues will not be considered. The Commissioner's reply brief will address with specificity each issue raised by the plaintiff in a manner consistent with the issues as raised in the numbered paragraphs contained in the Statement of Issues.

8. Either party may request oral argument in appropriate cases at the time the party's brief is filed.

9. Upon entry of the final order, the United States Attorney shall forward a copy

---

[1] Thus, general statements of issues such as "the ALJ's decision is not supported by substantial evidence" will not be considered by the court.

of the order to the Administrative Law Judge who decided the case.

## NOTICE

This civil case has been randomly assigned to a United States Magistrate Judge of this court. In accordance with 28 U.S.C. § 636(c), the Magistrate Judges of this court are designated to conduct any and all proceedings in a jury or nonjury civil case and order the entry of final judgment upon the consent of all parties to a case. Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as any appeal from any judgment entered in this court.

As a party to this lawsuit, you have the right to consent or decline consent to the jurisdiction of a Magistrate Judge. **Litigants, without concern for any adverse consequences, freely may decline consent to the jurisdiction of a Magistrate Judge.** If you decline to consent to the jurisdiction of a Magistrate Judge, this case will be reassigned randomly to a District Judge; however, the Magistrate Judge will continue in the case for the purpose of entering a report and recommendation in accordance with 28 U.S.C. § 636(b). To consent to the jurisdiction of a Magistrate Judge you should complete the attached form and return it to the Clerk of the Court within 21 days from the date of this order.

Done this 9th day of January, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRON WORKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-1126-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**CONSENT TO JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C. § 636(c), the undersigned party or parties to the above-captioned civil matter hereby confirm in writing their consent to a United States Magistrate Judge conducting any and all further proceedings in the case, including trial, and ordering the entry of a final judgment.

_____  _____
Date              Signature

            _____
            Counsel For (**print** name(s) of all parties)

            _____
            Address, City, State Zip Code

            _____
            Telephone Number