**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| TYRON WORKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 2:07cv1126-MHT** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, Tyron Works ("Works") received a hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court recommends the Commissioner's decision be AFFIRMED.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Works, age 35 at the time of the hearing, was currently enrolled in his last semester of college. Works's past relevant work includes military service in logistics management and as a helicopter mechanic. Non-military occupations include work as a computer technician

and assistant store manager.[1] Works alleges he became disabled on November 29, 2004 from back and knee pain.[2] He did not engage in substantial gainful work activity at any time relevant to his application period.

The ALJ found Works was severely impaired by residual low back pain, status-post lumbar fusion, and bilateral knee pain due to degenerative joint disease.[3] The ALJ also found Works did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[4] Although the ALJ found Works's medically determinable impairments could reasonably be expected to produce the alleged symptoms, he also found Works's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.[5] After a complete review of the record and consideration of testimony by a medical expert, the ALJ determined Works has the residual functional capacity ("RFC") to perform a reduced range of light to near full range of sedentary work activity, and could not perform any past work.[6] The ALJ relied upon testimony by a vocational expert (VE) to determine Works's ability to work as a sedentary dispatcher, sedentary shipping and receiving clerk, and sedentary

---

[1] R. at 693.

[2] R. at 71.

[3] R. at 19.

[4] R. at 19.

[5] R. at 23.

[6] R. at 19, 24.

cashier.[7]  These findings regarding Works's ability to engage in these occupations rendered him ineligible for disability benefits under the Act.

### III.  ISSUES

Works raises two issues for judicial review:

1. Whether the ALJ demonstrated good cause to reject the opinion of Works's treating neurologist?

2. Whether the ALJ properly applied the Eleventh Circuit standard for establishing disability due to pain?

### IV.  DISCUSSION

### 1.  **The ALJ decision demonstrated good cause for rejecting the opinion of the treating neurologist.**

Works argues the ALJ failed to properly evaluate the opinions from Dr. Hamp Greene, treating neurologist. The Commissioner responds the medical opinion was correctly evaluated and not entitled to substantial weight.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis.*

---

[7]R. at 25.

When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

Works argues the ALJ was wrong in finding Dr. Greene's treating opinion unpersuasive. Dr. Greene issued his opinion on March 5, 2007, in a Physical Capacities Evaluation and Clinical Assessment of Pain. During the hearing on March 22, 2007, the ALJ clarified that Works began his treatment with Dr. Greene only five months prior, in November, 2006.[8] Dr. Greene concludes Works cannot function when his headaches are active, but otherwise is able to work.[9] Dr. Greene checked the appropriate box to indicate Works would be absent from work four days per month, but qualified this estimate on Works's response to medication.[10] In noting this qualification, the ALJ cited Works's

---

[8] R. at 665.

[9] R. at 645-47.

[10] R. at 645.

5

testimony that he had experienced only one major headaches and "several minor headaches" since beginning his treatment with Dr. Greene.[11] This information led the ALJ to find there was no basis for "finding [Works] has severe headache pain rising to a level of severity or frequency to significantly interfere with work activity or which would result in frequent absenteeism from the workplace."[12]

Essentially, the very condition upon which Dr. Greene rests his treating opinion was refuted by Works's testimony that he'd had several minor, but only one major headache, over several months. The ALJ found Dr. Greene's opinion unpersuasive because of Works's testimony about his positive response to medication.[13] Further, the length of time a claimant has been treated by a physician is a factor to be considered by the ALJ. 20 C.F.R. § 404.1527(d)(2)(I). The record showed Works's treatment by Dr. Greene was of short duration. Consequently, the length of the treatment relationship with Works, and Works's testimony about a successful response to medication, provide "good cause" under *Phillips* for the ALJ to discount the opinions of disability.

The court finds the ALJ did not err in his treatment of Dr. Greene's opinion regarding Works's ability to engage in physically appropriate employment despite his headaches, and substantial evidence in the record supported his decision.

### 2. The ALJ Correctly Applied the Eleventh Circuit pain standard.

---

[11]R. at 21; 678.

[12]R. at 21.

[13]R. at 21.

Works argues the ALJ erred in evaluating the credibility of his testimony regarding his pain, and the record evidence of medical conditions consistent with his claims.  The Commissioner responds that the ALJ properly evaluated the credibility of Works's subjective complaints and the objective medical evidence concerning his back and knee pain.

The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled.  20 C.F.R. § 404.1512; *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Eleventh Circuit has set forth criteria for establishing a disability based on testimony of pain and other symptoms.  It explained that

> a claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.  If the ALJ discredits subjective testimony, he must articulate explicit and adequate reasons for doing so.  Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citations omitted).  A "claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991).  "Indeed, in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995).  An ALJ must explicitly explain why he chose not to credit a claimant's testimony. *Brown*, 921 F.2d at 1236. When evaluating a claim based on disabling subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the

treating physician and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a). "The decision concerning the plaintiff's credibility is a function solely within the control of the Commissioner and not the courts." *Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1213 (M.D. Ala. 2002).

The ALJ decision recounted Works's history of knee injury, back pain, and surgeries for those conditions. Works underwent a successful lumbar laminectomy and fusion at L5/S1 in February, 2005. Ten weeks after surgery, Works told his treating neurosurgeon, W. Pinchback, Jr., M.D., that he was doing well and did not have any pain.[14] In September, 2005, ten months after surgery, Works denied any back or leg pain to Dr. Pinchback, and did not return for treatment or examination for almost a year.[15] In the interim between visits with Dr. Pinchback, Works underwent a consultative examination with J. O'Colley, M.D. Dr. O'Colley determined Works could stand and walk four to six hours in and eight-hour day, for 30 to 45 minutes at a time, and could sit for six hours, with routine breaks. The resulting RFC evaluation found Works could lift ten pounds occasionally and five pounds frequently, and occasionally bend, stoop and kneel, but should not crouch.[16]

Works attempted employment as a security guard and probation officer in 2006. The physical demands of these jobs - prolonged standing/walking or repetitive bending/stooping - aggravated Works's back pain. Works returned to Dr. Pinchback for treatment in September,

---

[14] R. at 22.

[15] R. at 22.

[16] R. at 22-23.

2006.[17] The ALJ directly inquired as to Dr. Pinchback's recommendation when Works returned with back complaints, and Works explained the advice was to avoid those activities that prompted the recurrence of pain.[18] Dr. Pinchback also diagnosed chronic lumbar strain and recommended physical therapy.[19] Works also testified that prolonged sitting was difficult, and he experienced muscle spasms in his back which required strong pain medication.[20]

The ALJ found Works's testimony was partially credible. This finding was based on good surgical results for Works's back pain and his ability to go for nearly one year with only post-surgical follow-up visits to his neurosurgeon. The record indicated to the ALJ that his back pain was "resolved once he stopped engaging in work activity beyond his physical abilities," and he therefore saw no objective medical or other basis for finding the back pain rendered Works disabled as of the date of decision.[21] The ALJ noted there was no opinion from Works's treating neurosurgeon for his consideration, and he adopted the RFC evaluation of the evaluating physician, Dr. O'Colley. The opinion of the non-examining state agency physician was rejected because it found Works capable of prolonged standing

---

[17]R. at 23; 667-669.

[18]R. at 669.

[19]R. at 23, 669.

[20]R. at 672-73.

[21]R. at 23.

9

and walking.[22]

The ALJ's statement of explicit reasons for his rejection of Works's subjective testimony of pain and disability satisfies the requirements in the Eleventh Circuit, and the record contains substantial evidence in support of his decision on this issue. *See Foote*, 67 F.3d at 1562 (a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed). The record shows, and the ALJ noted, that Works's went for long periods of time without seeking treatment. *See Watson v. Heckler,* 738 F.2d 1169, 1173 (11th Cir. 1984); *Williams v. Barnhart*, No. 02-S-1090 (M.D. Ala. 2003). The record also does not show complaints about the pain medications prescribed for Works's pain, which indicates the side effects were not especially problematic. *See Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). The court finds that the ALJ gave well-reasoned grounds to reject Works's allegations and testimony of disabling pain, and therefore, did not err in his application of the pain standard.

## V.  CONCLUSION

For the reasons explained in this *Recommendation*, the Magistrate Judge concludes that the ALJ's decision is supported by substantial evidence and proper application of the relevant law, and therefore, **RECOMMENDS** that the decision of the Commissioner be **AFFIRMED**.

---

[22]R. at 24.

***It is further ORDERED that the parties shall file any objections to the said Recommendation by November 5, 2008.*** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of October, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE